UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA

FILED

2014 AUG 25 PM 2: 41

MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE, FLORIDA

Jacksonville Division

Case No. 3:14-cv-1014-J-32PDB

ROBERT A. BAGGETT, III,

      Plaintiff,

vs.

LAW OFFICES OF DANIEL C.
CONSUEGRA, P.L., a Florida
Professional corporation and
DYCK-O'NEAL INC.,
a foreign corporation,

      Defendants.

_____/

# COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, ROBERT A. BAGGETT, III, by and through his undersigned counsel, hereby

files his Complaint and Demand for Jury Trial, sues the Defendants, LAW OFFICES OF

DANIEL C. CONSUEGRA, P.L., and DYCK-O'NEAL, INC., and alleges as follows:

1.    This is an action under the Fair Debt Collection Practices Act ("FDCPA"), 15

U.S.C. §§1692-1692o, and the Florida Consumer Collection Practices Act seeking actual

damages, statutory damages, attorney's fees and costs.

2.    Venue in this judicial district is proper under 28 U.S.C. §1391(b). All of the

actions and omissions forming the basis for this lawsuit occurred within Duval County, Florida.

3.    This Court has jurisdiction over the subject matter by virtue of Section 813 (d) of

Fair Debt Collection Practices Act, 15 U.S.C. §§1692k(d), and 28 U.S.C. §§1331, 1337, and 1367.

---

4.      Plaintiff, ROBERT A. BAGGETT, III, (hereinafter referred to as "Plaintiff" or "BAGGETT"), brings this action for illegal practices of Defendants LAW OFFICES OF DANIEL C. CONSUEGRA, P.L. and DYCK-O'NEAL, INC. in connection with its attempts to collect an alleged debt from the Plaintiff.

5.      Plaintiff alleges that Defendants, LAW OFFICES OF DANIEL C. CONSUEGRA, P.L. and DYCK-O'NEAL, INC., violated the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692 et seq. ("FDCPA"), and the Florida Consumer Collection Practices Act, Fla. Stat. §§ 559, et seq. ("FCCPA").

6.      The FDCPA regulates the behavior of collection agencies attempting to collect a debt on behalf of another.   The United States Congress has found abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors, and has determined that abusive debt collection practices contribute to a number of personal bankruptcies, marital instability, loss of jobs, and invasions of individual privacy.   Congress enacted the FDCPA to eliminate abusive debt collection practices by debt collectors, to ensure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote uniform State action to protect consumers against debt collection abuses. 15 U.S.C. § 1692(a) - (e).

7.      The FDCPA is a strict liability statute, which provides for actual or statutory damages upon the showing of one violation.   The Eleventh Circuit has held that whether a debt collector's conduct violates the FDCPA should be judged from the standpoint of the "least sophisticated consumer." *LeBlanc v. Unifund CCR Partners*, 601

F.3d 1185 (11th Cir. 2010).

8.      To prohibit harassment and abuses by debt collectors the FDCPA, at 15 U.S.C. § U.S.C. § 1692d, provides that a debt collector may not engage in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt and names a non-exhaustive list of certain per se violations of harassing and abusive collection conduct.   15 U.S.C. § 1692d(1)-(6).

## I.  PLAINTIFF

9.      Plaintiff is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3) and Fla. Stat. § 559.55.

10.     Plaintiff is a "debtor" as that term is defined by Fla. Stat. § 559.55(2).

11.     Since September of 2010, Plaintiff has been a permanent resident of the State of Nevada.

## II.  PARTIES - DEFENDANTS

12.     DYCK-O'NEAL, INC. is, at all times relevant to this complaint, a for-profit corporation, having it principle offices located at 1301 South Bowen Road, 140, Arlington, TX 76013, and collects, and attempts to collect, debts incurred, or alleged to have been incurred, for personal, family, or household purposes on behalf of creditors using the U.S. Mail, telephone, and Internet.

13.     LAW OFFICES OF DANIEL C. CONSUEGRA, P.L. is, at all times relevant to this complaint, a law firm, having its principal place of business at 9204 King Palm Drive, Tampa, FL 33619, that collects, and attempts to collect, debts incurred, or alleged to have been incurred,

for personal, family, or household purposes on behalf of creditors using the U.S. Mail, telephone, and Internet.

14.     LAW OFFICES OF DANIEL C. CONSUEGRA, P.L. is a "debt collector" term is defined by 15 U.S.C. § 1692a(6) and Fla. Stat. § 559.55(6).

15.     DYCK-O'NEAL, INC. is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6) and Fla. Stat. § 559.55(6).

16.     Defendants have knowledge and control of the collection activities of their agents and representatives, including but not limited to supervisors, managers, affiliates, subsidiaries, divisions, employees, servants, partners, agents, vendors, assignees, transferees, collectors and/or contractors, for the alleged debt that is the subject of this lawsuit.

### III. FACTS

17.     According to the Defendants, Plaintiff executed a Note and Mortgage on residential property located in Duval County, Florida, for primarily personal, family, or household purposes, which is, therefore, a "debt" as that term is defined by 15 U.S.C. § 1692a(5) and Fla. Stat. § 559.55(1).

18.     A mortgage foreclosure action was filed against Plaintiff in connection with Note and Mortgage referred to above and a Final Judgment of Foreclose was entered by the state court on November 23, 2009.

19.     The Note and final judgment referred to above were assigned to Defendant, DYCK O'NEAL, INC.

20.     On January 16, 2014, Defendants filed a lawsuit against Plaintiff in Duval County,

Florida, based upon the promissory note and final judgment referred to above.

21.     Plaintiff is not now nor has he ever been a citizen or resident of the State of Florida.

Florida.

22.     Plaintiff has never resided in Duval County, Florida.

23.     Plaintiff has permanently resided in the State of Nevada since September of 2010.

24.     The obligation upon which Plaintiff is being sued is based on the purchase by him

of real estate for personal, family or household use and was intended for use as a residence by

Plaintiff.

25.     Other than the personal/family/household purchase referred to in the preceding

paragraph, Plaintiff has never purchased any other real estate in the State of Florida.

26.     Debt collection lawsuits shall be brought "only in the judicial district or similar

legal entity (A) in which such consumer signed the contract sued upon; or (B) in which such

consumer resides at the commencement of the action."   15 U.S.C.A. § 1692i.

27.     The abusive practice by debt collectors of misapplying the venue provisions of the

FDCPA was recently pointed out by the Seventh Circuit Court of Appeals in *Suesz v. Med-1*

*Solutions, LLC*, 2014 U.S. App. LEXIS 12562 (7th Cir. Ind. July 2, 2014) where the Court stated:

> As this case illustrates, one common tactic for debt collectors is to sue in a
> court that is not convenient to the debtor, as this makes default more likely; or
> in a court perceived to be friendly to such claims; or, ideally, in a court
> having both of these characteristics.   In short, debt collectors shop for the
> most advantageous forum.   By imposing an inconvenient forum on a debtor
> who may be impecunious, unfamiliar with law and legal processes, and in no

position to retain a lawyer (and even if he can afford one, the lawyer's fee is bound to exceed the debt itself), the debt collector may be able to obtain through default a remedy for a debt that the defendant doesn't actually owe.

28.     The FDCPA venue provisions preempt state law venue provisions.

*Zartman v. Shapiro & Meinhold*, 811 P.2d 409, 413 (Colo. App. 1990).

## COUNT I
## FAIR DEBT COLLECTION PRACTICES ACT

29.     Plaintiff sues the Defendant, LAW OFFICES OF DANIEL C. CONSUEGRA, P.L. and repeats and realleges the allegations in paragraphs 1 through 28 hereof.

30.     The venue selected by the Defendant, LAW OFFICES OF DANIEL C. CONSUEGRA, P.L., was in violation of Section 811 of the FDCPA, 15 U.S.C. §1692i which provides:

(a) Any debt collector who brings any legal action on a debt against any consumer shall—

(1) in the case of an action to enforce an interest in real property securing the consumer's obligation, bring such action only in a judicial district or similar legal entity in which such real property is located; or

(2) in the case of an action not described in paragraph (1), bring such action only in the judicial district or similar legal entity—

(A)   in which such consumer signed the contract sued upon; or

(B)   in which such consumer resides at the commencement of the action.

## TRIAL BY JURY

Plaintiff is entitled to and hereby respectfully demands a trial by jury on all issues

---

so triable. US Const. amend. 7, Fed.R.Civ.P. 38.

WHEREFORE, Plaintiff prays for this Court:

a. To declare that Defendant, LAW OFFICES OF DANIEL C. CONSUEGRA, P.L., has violated the FDCPA;

b. To award Plaintiff actual damages sustained as a result of the Defendant's failure to comply with the FDCPA;

c. To award Plaintiff statutory damages not to exceed $1,000.00;

d. To award Plaintiff reimbursement for such expenses as have been required to expend to prosecute this claim;

e. To award Plaintiff her reasonable attorney's fees pursuant to 15 U.S.C. §1692k;

f. To award such other and further relief as the Court deems proper.


## COUNT II
## FAIR DEBT COLLECTION PRACTICES ACT

31. Plaintiff sues the Defendant, DYCK-O'NEAL, INC. and repeats and realleges the allegations in paragraphs 1 through 28 hereof.

32. The venue selected by the Defendant, DYCK-O'NEAL, INC., was in violation of Section 811 of the FDCPA, 15 U.S.C. §1692i which provides:

(b) Any debt collector who brings any legal action on a debt against any consumer shall—

(3) in the case of an action to enforce an interest in real property securing the consumer's obligation, bring such action only in a judicial district or similar legal entity in which such real property is located; or

(4) in the case of an action not described in paragraph (1), bring such action only in the judicial district or similar legal entity—

---

(C)     in which such consumer signed the contract sued upon; or

(D)     in which such consumer resides at the commencement of the action.

33.     Courts routinely hold debt collectors vicariously liable under the FDCPA

for the conduct of their attorneys in collecting debts on their behalf.  *See, e.g., Fox v.*

*Citicorp Credit Servs., Inc.*, 15 F.3d 1507, 1516 (9th Cir.1994) (holding a debt collector

vicariously liable for an attorney's violation of the FDCPA venue provision); *Newman v.*

*Checkrite California*, 912 F.Supp. 1354, 1370 (E.D.Cal.1995) (rejecting defendants'

argument that attorneys were only "independent contractors" but not "agents," and holding

that a debt collector could be held vicariously liable for an attorney's acts in "facilitating

the collection of amounts due [the debt collector] through use of the legal process");

## TRIAL BY JURY

Plaintiff is entitled to and hereby respectfully demands a trial by jury on all issues

so triable. US Const. amend. 7, Fed.R.Civ.P.  38.

WHEREFORE, Plaintiff prays for this Court:

a.      To declare that Defendant, DYCK-O'NEAL, INC.., has violated the
        FDCPA;

b.      To award Plaintiff actual damages sustained as a result of the Defendant's
        failure to comply with the FDCPA;

c.      To take whatever actions are necessary to repair Plaintiff's credit;

d.      To award Plaintiff statutory damages not to exceed $1,000.00;

e.   To award Plaintiff reimbursement for such expenses as have been required to expend to prosecute this claim;

f.   To award Plaintiff him reasonable attorney's fees pursuant to 15 U.S.C. §1692k;

g.   To award such other and further relief as the Court deems proper.

## COUNT III
## FAIR DEBT COLLECTION PRACTICES ACT

34.   Plaintiff sues the Defendant, THE LAW OFFICES OF DANIEL C. CONSUEGRA, P.L. and repeats and realleges the allegations in paragraphs 1 through 28 hereof.

35.   Defendant, THE LAW OFFICES OF DANIEL CONSUEGRA, P.L., filed a lawsuit against the Plaintiff in Duval County, Florida, more fully described in paragraph 20 hereof.

36.   Plaintiff is a permanent resident of the State of Nevada.

37.   Not only was the venue improper for the lawsuit described in paragraph 20 hereof, Florida Courts lack personal jurisdiction over the Plaintiff.

38.   The communication from the Defendant, THE LAW OFFICES OF DANIEL C. CONSUEGRA, P.L., to Plaintiff in the form of the lawsuit filed against Plaintiff dated January 16, 2014, was in violation of Section 807 of the FDCPA, 15 U.S.C. §1692e(1) which provides:

> A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:
>
> *               *               *               *
>
> (2) The false representation of—

(A ) the character, amount, or **legal status of any debt**; (emphasis supplied).

39.     The legal status of the debt that is the subject of the Defendant's lawsuit filed against Plaintiff dated January 16, 2014 and the debt/obligation forming the basis of the letter was that it was not collectible.

## TRIAL BY JURY

Plaintiff is entitled to and hereby respectfully demands a trial by jury on all issues so triable. US Const. amend. 7, Fed.R.Civ.P. 38.

WHEREFORE, Plaintiff prays for this Court:

a.     To declare that Defendant, THE LAW OFFICES OF DANIEL CONSUEGRA, P.L., has violated the FDCPA;

b.     To award Plaintiff actual damages sustained as a result of the Defendant's failure to comply with the FDCPA;

c.     To award Plaintiff statutory damages not to exceed $1,000.00;

d.     To award Plaintiff reimbursement for such expenses as have been required to expend to prosecute this claim;

e.     To award Plaintiff her reasonable attorney's fees pursuant to 15 U.S.C. §1692k;

f.     To award such other and further relief as the Court deems proper.

## COUNT IV
## FAIR DEBT COLLECTION PRACTICES ACT

40.     Plaintiff sues the Defendant, DYCK O'NEAL, INC. and repeats and

_____

realleges the allegations in paragraphs 1 through 28 hereof.

     41.    The communication from the Defendant, DYCK O'NEAL, INC., to Plaintiff in the

Plaintiff in the form of the lawsuit filed against Plaintiff dated January 16, 2014, was in violation

violation of Section 808 of the FDCPA, 15 U.S.C. §1692f(1) which provides:

> § 808. Unfair practices
>
> A debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:
>
> (1) The collection of any amount (including any interest, fee, charge, or expense incidental to the principal obligation) unless such amount is expressly authorized by the agreement creating the debt or permitted by law.

     42.    The communications from the Defendant, DYCK O'NEAL, INC., in the form of

the lawsuit filed against Plaintiff dated January 16, 2014, was in violation of Section 807 of the

FDCPA, 15 U.S.C. §1692e(1) which provides:

> A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:
>
>     *        *        *        *
> (2) The false representation of—
>
> (A ) the character, amount, or **legal status of any debt**; (emphasis supplied).

     43.    The legal status of the debt that was sought to be collected by Defendant, DYCK

O'NEAL, INC., was that it was not a valid debt.

## TRIAL BY JURY

Plaintiff is entitled to and hereby respectfully demands a trial by jury on all issues

triable. US Const. amend. 7, Fed.R.Civ.P. 38.

WHEREFORE, Plaintiff prays for this Court:

h.      To declare that Defendant, DYCK O'NEAL, INC., has violated the FDCPA;

i.      To award Plaintiff actual damages sustained as a result of the Defendant's failure to comply with the FDCPA;

j.      To take whatever actions are necessary to repair Plaintiff's credit;

k.      To award Plaintiff statutory damages not to exceed $1,000.00;

l.      To award Plaintiff reimbursement for such expenses as have been required to expend to prosecute this claim;

m.      To award Plaintiff her reasonable attorney's fees pursuant to 15 U.S.C. §1692k;

n.      To award such other and further relief as the Court deems proper.

## COUNT V
## FLORIDA CONSUMER COLLECTION PRACTICES ACT

44.     Plaintiff sues Defendant, THE LAW OFFICES OF DANIEL

CONSUEGRA, P.L., and repeats and realleges the allegations in paragraphs 1 through 28

hereof.

45.     Plaintiff is a "debtor" or "consumer" as defined by §559.55(2), Fla. Stat.

46.     Defendant, THE LAW OFFICES OF DANIEL CONSUEGRA, P.L., is a "person" as defined in §1.01(3), Fla. Stat.

47.     Section 559.72 of the Florida Statutes provides, in part, as follows:

Prohibited practices generally. — In collecting consumer debts, no person shall:

    \*             \*            \*

(9)   Claim, attempt, or threaten to enforce a debt when such person knows that the debt is not legitimate, or assert the existence of some other legal right when such person knows that the right does not exist.

48.     Defendant, THE LAW OFFICES OF DANIEL CONSUEGRA, P.L., had knowledge and control of the collection activities of its agents and representatives, including but not limited to supervisors, managers, affiliates, subsidiaries, divisions, employees, servants, partners, agents, vendors, assignees, transferees, collectors and/or contractors, for the alleged debt that is the subject of this lawsuit.

49.     The tactics employed by Defendant, THE LAW OFFICES OF DANIEL CONSUEGRA, P.L., have caused Plaintiff considerable worry, embarrassment, frustration, anger, distress, and concern that these organizations would go to this extent to collect a debt.

50.     The emotional distress has strained Plaintiff's relationships with family and friends.

51.     Plaintiff's damages pursuant to Florida Statutes including §559.77 have continued and are continuing as of the filing of this complaint.

52.     All conditions precedent to the filing of this action have occurred, been fulfilled or waived.

53.     Inasmuch as Defendant, THE LAW OFFICES OF DANIEL CONSUEGRA, P.L., has asserted a claim against the Plaintiff that did not exist, this was reasonably expected to abuse or harass the Plaintiff.

54.     Inasmuch as the Defendant, THE LAW OFFICES OF DANIEL CONSUEGRA, P.L., demanded payment of and pursued monetary relief from Plaintiff when said Defendant knew or should have known that the obligation was the assertion by Defendant, THE LAW OFFICES OF DANIEL C. CONSUEGRA, P.L., of a right that did not exist.

55.     Defendant's acts as described above were done intentionally with the purpose of coercing Plaintiff to pay the alleged debt.

56.     As a result of the above violations of the Florida Consumer Collection Practices Act, the Defendant, THE LAW OFFICES OF DANIEL C. CONSUEGRA, P.L., is liable to the Plaintiff for injunctive and declaratory relief and actual damages, statutory damages, and attorneys' fees and costs.

57.     Defendant's actions have directly and proximately resulted in Plaintiff's prior and continuous sustaining of damages as described by Fla. Stat. §559.77.

58.     Plaintiff is entitled to damages under Fla. Stat. §559.77 against each of the Defendants.

WHEREFORE, Plaintiff respectfully prays that judgment be entered against the

Defendant, THE LAW OFFICES OF DANIEL C. CONSUEGRA, P.L., for the following:

A.  Declaratory judgment that Defendant's conduct violated the Florida Consumer Collection Practices Act and declaratory and injunctive relief for the Defendant's violations of the FCCPA.

B.  That Defendant be enjoined from any and all further illegal collection practices.

C.  Actual damages to Plaintiff herein pursuant to Fla. Stat. §559.77(2).

D.  Statutory damages to Plaintiff herein pursuant to Fla. Stat. §559.77(2).

E.  Costs and reasonable attorney's fees pursuant to Fla. Stat. §559.77(2).

F.  For such other and further relief as may be just and proper.

## COUNT VI
## FLORIDA CONSUMER COLLECTION PRACTICES ACT

59.  Plaintiff sues Defendant, DYCK O'NEAL, INC., and repeats and realleges the

allegations in paragraphs 1 through 28 hereof.

60.  Plaintiff is a "debtor" or "consumer" as defined by §559.55(2), Fla. Stat.

61.  Defendant, DYCK O'NEAL, INC., is a "person" as defined in §1.01(3), Fla. Stat.

62.  Section 559.72 of the Florida Statutes provides, in part, as follows:

Prohibited practices generally. — In collecting consumer debts, no person shall:

*           *           *

>    (9)   Claim, attempt, or threaten to enforce a debt when such person knows that the debt is not legitimate, or assert the existence of some other legal right when such person knows that the right does not exist.

63.    Defendant, DYCK O'NEAL, INC., had knowledge and control of the collection activities of its agents and representatives, including but not limited to supervisors, managers, affiliates, subsidiaries, divisions, employees, servants, partners, agents, vendors, assignees, transferees, collectors and/or contractors, for the alleged debt that is the subject of this lawsuit.

64.    The tactics employed by Defendant, DYCK O'NEAL, INC., have caused Plaintiff considerable worry, embarrassment, frustration, anger, distress, and concern that these organizations would go to this extent to collect a debt.

65.    All conditions precedent to the filing of this action have occurred, been fulfilled or waived.

66.    Inasmuch as Defendant, DYCK O'NEAL, INC. asserted claims that did not exist as to Plaintiff, this was reasonably expected to abuse or harass the Plaintiff.

67.    Defendant's acts as described above were done intentionally with the purpose of coercing Plaintiff to pay the alleged debt.

68.    As a result of the above violations of the Florida Consumer Collection Practices Act, the Defendant, DYCK O'NEAL, INC., is liable to the Plaintiff for injunctive and declaratory relief and actual damages, statutory damages, and attorneys' fees and costs.

69.     Defendant's actions have directly and proximately resulted in Plaintiff's prior and continuous sustaining of damages as described by Fla. Stat. §559.77.

70.     Plaintiff is entitled to damages under Fla. Stat. §559.77 against the Defendant, DYCK O'NEAL, INC.

WHEREFORE, Plaintiff respectfully prays that judgment be entered against the Defendant, DYCK O'NEAL, INC., for the following:

A.     Declaratory judgment that Defendant's conduct violated the Florida Consumer Collection Practices Act and declaratory and injunctive relief for the Defendant's violations of the FCCPA.

B.     That Defendant be enjoined from any and all further illegal collection practices.

C.     Actual damages to Plaintiff herein pursuant to Fla. Stat. §559.77(2).

D.     Statutory damages to Plaintiff herein pursuant to Fla. Stat. §559.77(2).

E.     Costs and reasonable attorney's fees pursuant to Fla. Stat. §559.77(2).

F.     For such other and further relief as may be just and proper.

DATED this 23 August 2014.

N. James Turner, Esq.
Counsel for Plaintiff
Florida Bar No. 0203041
37 N. Orange Avenue
Suite 500
Orlando, FL 32801
(888) 877-5103
Email address:  njtlaw@gmail.com