UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA

Jacksonville Division

Case No. 3:14-cv-01014-TJC-PDB

ROBERT A. BAGGETT, III,

    Plaintiff,

vs.

LAW OFFICES OF DANIEL C.
CONSUEGRA, P.L., a Florida
Professional corporation and
DYCK-O'NEAL INC.,
a foreign corporation,

    Defendants.
_____/

## MEMORANDUM OF LAW IN OPPOSITION TO DEFENDANT, DYCK O'NEAL'S, MOTION TO DISMISS

    Plaintiff, ROBERT A. BAGGETT, III, by and through his undersigned counsel, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, hereby files his Memorandum of Law in Opposition to the Motion to Dismiss filed by the Defendant, DYCK-O'NEAL, INC.  This memorandum of law will demonstrate the Defendant's motion is without merit and should be denied.

### STATEMENT OF THE CASE

    This is an action under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §§1692-1692o and the Florida Consumer Collection Practices Act, seeking actual damages, statutory damages, attorney's fees and costs.   Plaintiff alleges, among other things, that the Defendants served him with a lawsuit in an improper venue in violation of Section 811 of the

Fair Debt Collection Practices Act, 15 U.S.C.A. § 1692i. Plaintiff further alleges that Defendants' lawsuit was based upon, among other things, an alleged default in a promissory note for the purchase of real estate for personal, family or household use.

# ARGUMENT

## I. Standard of Review

In deciding a Rule 12(b)(6) motion to dismiss, the Court limits its consideration to well-pleaded factual allegations, documents central to, or referenced in, the complaint, and matters judicially noticed. *La Grasta v. First Union Sec., Inc.*, 358 F.3d 840, 845 (11th Cir. 2004). The Court must accept all factual allegations in Plaintiff's Complaint as true and take them in the light most favorable to the plaintiff. *Pielage v. McConnell*, 516 F.3d 1282, 1284 (11th Cir. 2008). According to Rule 8(a)(2) of the Federal Rules of Civil Procedure, a claimant must only state "a short and plain statement of the claim showing that the pleader is entitled to relief." When considering a Rule 12(b)(6) motion to dismiss, the Court accepts as true all factual allegations in the complaint. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009). The plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007). "A court considering a motion to dismiss may begin by identifying allegations that, because they are mere conclusions, are not entitled to the assumption of truth. While legal conclusions can provide the complaint's framework, they must be supported by factual allegations." *Iqbal,* 556 U.S. at 664.

## II. Plaintiff's Claim is covered by the FDCPA

In its Motion to Dismiss, Defendant, DYCK-O'NEAL, INC., argues that the collection activity that forms the basis of Plaintiff's FDCPA/FCCPA claims before this Court is not a

consumer debt.   Specifically, Defendant argues in its Motion to Dismiss that Plaintiff's action is based on the judgment of foreclosure and not the promissory note.   However, this position overlooks the allegations in Plaintiff's Complaint that allege:

> 17.   According to the Defendants, Plaintiff executed a Note and Mortgage on residential property located in Duval County, Florida, for primarily personal, family, or household purposes, which is, therefore, a "debt" as that term is defined by 15 U.S.C. § 1692a(5) and Fla. Stat. § 559.55(1).
>
> 18.   A mortgage foreclosure action was filed against Plaintiff in connection with Note and Mortgage referred to above and a Final Judgment of Foreclose was entered by the state court on November 23, 2009.
>
> 19.   The Note and final judgment referred to above were assigned to Defendant, DYCK O'NEAL, INC.
>
> 20.   On January 16, 2014, Defendants filed a lawsuit against Plaintiff in Duval County, Florida, based upon the promissory note and final judgment referred to above.
>
> \*       \*       \*       \*
>
> 24.   The obligation upon which Plaintiff is being sued is based on the purchase by him of real estate for personal, family or household use and was intended for use as a residence by Plaintiff.

Moreover, the allegations in the Complaint *sub judice*, are supported by the allegations in paragraph 9 of the Foreclosure Complaint in the state case which state:

> 9.   Based upon the amount due on the promissory note, as of the time of the foreclosure sale and the value of the property, Plaintiff's, DYCK-O'NEAL, INC., deficiency is the sum of $64,783.90 plus interest, costs and attorneys (sic) fees.   See Exhibit of Notice to Courts of state court filings.   Dkt 14.

In support of its legal argument, Defendant relies, amongst other authority, on *Hawthorne v. Mac Adjustment,* 140 F.3d 1367 (11th Cir. 1998)[1] and its progeny.   However, Defendant's

---

[1]   At page 1371 of the opinion, the Court stated:   "In other words, when we speak of "transactions," we refer to consensual or contractual arrangements, not damage obligations thrust upon one as a result of no more than her own negligence."

attempts to fit the facts of this case into the precedential penumbra of *Hawthorne, supra,* is insurmountable. That case involved a subrogation action based upon a motor vehicle accident. Similarly, the other authority cited in the Motion to Dismiss are all factually distinguishable from the facts of case before this Court.

Defendant makes some very technical legal arguments attempting to distinguish the promissory note from the foreclosure judgment. However, the least sophisticated consumer is not aware of these arcane legal matters. Accordingly, upon reading the foreclosure action filed by Defendants in the wrong venue, Plaintiff, as the least sophisticated consumer, could reasonably believe that the action against her/him was based on the judgment and promissory note.

In the case at bar, Plaintiff alleges the existence of a consumer debt and, for purposes of the motion before this Court, those allegations must be accepted as being true. *Hoffman-Pugh v. Ramsey*, 312 F.3d 1222, 1225 (11th Cir. 2002). Therefore, Defendant's arguments must fail.

### III. Conclusion

Based upon the foregoing authorities and arguments, Plaintiff prays that the Motion to Dismiss filed by the Defendant, DYCK-O'NEAL, INC., be denied.

DATED this 4 November 2014.

                               */s/ N. James Turner*
                               N. James Turner, Esq.
                               Counsel for Plaintiff
                               Florida Bar No. 0203041
                               37 N. Orange Avenue
                               Suite 500
                               Orlando, FL 32801
                               (888) 877-5103
                               Email address:   njtlaw@gmail.com

**CERTIFICATE OF SERVICE**

- 5 -

     I HEREBY CERTIFY that on 4 November 2014, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system which will send a notice of electronic filing to the following:   Steve D. Tran, Esq., Law Offices of Daniel C. Consuegra, P.L., 9204 King Palm Drive, Tampa, FL 33619 and Dale T. Golden, GOLDEN SCAZ GAGAIN, PLLC, 201 North Armenia Avenue, Tampa, Florida 33609-23032.

                                        */s/ N. James Turner*
                                        N. James Turner, Esquire