UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

ROBERT A. BAGGETT, III,

    Plaintiff,

v.                                          Case No. 3:14-cv-1014-J-32PDB

LAW OFFICES OF DANIEL C.
CONSUEGRA, P.L., a Florida
professional corporation and
DYCK-O'NEAL, INC.,
a foreign corporation,

    Defendants.
_____

## ORDER

This case is before the Court on Defendant, Dyck-O'Neal, Inc.'s Motion to Dismiss Plaintiff, Robert A. Baggett, III's Complaint. (Doc. 15.) The Court also considers Baggett's response (Doc. 16), and Dyck-O'Neal's reply (Doc. 22).[1]

    **I.**    **Background**

As alleged in Plaintiff's Complaint, Baggett executed a promissory note and mortgage on real property located in Duval County, Florida. (Doc. 1 ¶ 17.) Sometime thereafter, a mortgage foreclosure action was filed in state court against Baggett on the Duval County real property and the court entered a Final Judgment of Foreclosure on November 23, 2009. (Doc. 1 ¶¶ 18-19.) Subsequent to a foreclosure sale, the promissory note and judgment were assigned to Defendant, Dyck-O'Neal. (Doc. 1 ¶ 19.)

On January 16, 2014, Dyck-O'Neal filed suit against Baggett seeking a deficiency judgment of $64,783.90. (Doc. 1 ¶ 20; Doc. 14-1.) On August 25, 2014, Baggett filed this action against Dyck-O'Neal, asserting that: (1) Dyck-O'Neal violated Section 811 of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692i, by filing the deficiency action in an

---

[1] Neither side's briefs, but especially Plaintiff's, were particularly illuminating.

1

improper venue (Doc. 1 ¶ 32); (2) Dyck-O'Neal violated Section 808 of the FDCPA, 15 U.S.C § 1692f(1), because the deficiency action was the collection of a debt not permitted by law (Doc. 1 ¶ 41); (3) Dyck-O'Neal violated Section 807 of the FDCPA, 15 U.S.C. § 1692e(1), because the deficiency was not a valid debt (Doc. 1 ¶¶ 42-43); and (4) Dyck-O'Neal violated the Florida Consumer Collection Practices Act ("FCCPA"), Fla. Stat. § 559.72(9) (Doc. 1 ¶ 62).[2]

Dyck-O'Neal moved to dismiss Baggett's claims on the grounds that a deficiency action does not constitute consumer debt and thus does not fall under the purview of the FDCPA or the FCCPA. (Doc. 15 at 9.) Therefore, according to Dyck-O'Neal, Baggett has alleged insufficient facts to state plausible claims under the FDCPA and the FCCPA. (See Doc. 15.) Baggett opposed the Motion to Dismiss, contending that Dyck-O'Neal overlooked allegations in Baggett's Complaint which are sufficient to support a cause of action under the FDCPA and FCCPA. (Doc. 16 at 3.) Dyck-O'Neal replied, contending that Baggett merely asserts legal conclusions which are not entitled to a presumption of truth at the pleading stage. (Doc. 22 at 1.)

## II. Standard of Review

When considering a motion to dismiss under Federal Rules of Civil Procedure 12(b)(6), the Court must accept all factual allegations in the complaint as true and construe them in the light most favorable to the plaintiff. Ray v. Spirit Airlines, Inc., 767 F.3d 1220, 1223 (11th Cir. 2014) (citing Ironworkers Local Union 68 v. AstraZeneca Pharm., LP, 634 F.3d 1352, 1359 (11th Cir. 2011)). The Court should dismiss a claim where a party fails to plead facts that make the claim facially plausible. Ray, 767 F.3d at 1223 (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). A claim is facially plausible when the Court can draw a reasonable inference, based on the facts pled, that the opposing party is liable for the alleged misconduct. Id. (citing

---

[2] It is unclear from the Complaint what violation of the FCCPA Baggett is asserting. (See Doc. 1 ¶¶ 59-67.) Baggett's Complaint also alleges the same four claims against The Law Offices of Daniel C. Consuegra. (See Doc. 1.) In response, the Law Offices of Daniel C. Consuegra filed an answer. (Doc. 20.)

Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009)). This "plausibility standard" requires "more than a sheer possibility that a defendant has acted unlawfully," and where the complaint only alleges facts "merely consistent with" liability, it "stops short of the line between possibility and plausibility of entitlement to relief." Iqbal, 556 U.S. at 678 (citing Twombly, 550 U.S. at 557 (2007)) (internal quotation omitted). In making this plausibility determination, the Court must accept the factual allegations as true; however, this "tenet . . . is inapplicable to legal conclusions." Id.

### III.	Analysis

Dyck-O'Neal argues that the Complaint fails to state a claim under the FDCPA and the FCCPA because the Complaint fails to plead sufficient facts which plausibly show that Baggett was "the object of a collection activity arising from consumer debt." (See Doc. 15 at 6.) More specifically, Dyck-O'Neal argues that the deficiency action arises under the foreclosure judgment and subsequent foreclosure sale—not the promissory note—and therefore does not constitute a debt for purposes of the FDCPA and FCCPA. (Id. at 4.) This appears to be an issue of first impression; no appellate court has ruled whether a deficiency action constitutes a debt under the FDCPA and FCCPA. Likewise, no Florida court has expressly ruled on this specific issue.

This Court has held:

> In order to prevail on an FDCPA claim, a plaintiff must plead and prove three elements. First, the plaintiff must have been the object of a <u>collection activity arising from consumer debt</u>. Second, the defendant must be a debt collector as defined by the FDCPA. Third, the defendant must have engaged in an act or omission prohibited by the FDCPA.

Erickson v. General Elec. Co., 854 F. Supp. 2d 1178, 1182 (M.D. Fla. 2012) (citing McCorriston v. L.W.T., Inc., 536 F. Supp. 2d 1268, 1273 (M.D. Fla. 2008)) (emphasis added). Dyck-O'Neal

argues that the deficiency action fails to constitute "consumer debt" because it does not involve a transaction.[3]  (Doc. 15 at 9.)  Under both the FDCPA and FCCPA, "debt" is defined as:

> [A]ny obligation or alleged obligation of a consumer to pay money arising out of a transaction in which the money, property, insurance, or services which are the subject of the transaction are primarily for personal, family, or household purposes, whether or not such obligation has been reduced to judgment.[4]

15 U.S.C. § 1692a(5); Fla. Stat. § 559.55(6) (emphasis added).  The statutes do not define "transaction;" however, the Eleventh Circuit has held that "at a minimum, a transaction under the FDCPA must involve some kind of business dealing or other consensual obligation." Oppenheim v. I.C. System, Inc., 627 F.3d 833, 838 (11th Cir. 2010) (quoting Hawthorne v. Mac Adjustment Inc., 140 F.3d 1367, 1371 (11th Cir.1998)) (internal quotation removed).  Furthermore, the Eleventh Circuit has recognized a broad definition of debt, holding that "[a]s long as the transaction creates an obligation to pay, a debt is created." Id. at 837 (quoting Brown v. Budget Rent–A–Car Sys. Inc., 119 F.3d 922, 924 (11th Cir.1997)) (internal quotations removed).  Along the same lines, the First Circuit has concluded that "the sine qua non of a debt is the existence of an obligation (actual or alleged)." Arruda v. Sears, Roebuck & Co., 310 F.3d 13, 23 (1st Cir. 2002).  Nevertheless, the Eleventh Circuit has also stated that a mere obligation to pay without an accompanying transaction is not a debt for purposes of the FDCPA. Hawthorne, 140 F.3d at 1371.

Dyck-O'Neal cites various cases to illustrate the type of "obligations" that lack a "transaction" for purposes of the FDCPA.  (Doc. 15 at 8.)  In Hawthorne, for example, an alleged tortfeasor sued an insurance company, claiming that the company violated the FDCPA when the company sent a letter requesting payment of a subrogation claim. Hawthorne, 140 F.3d at 1369.  The Eleventh Circuit held that the obligation to pay the subrogation claim was not a debt

---

[3] Dyck-O'Neal does not challenge Baggett's allegations as to the other two FDCPA and FCCPA required elements.  (See Doc. 15.)

[4] Neither party addresses whether a deficiency is merely an obligation that has been "reduced to judgment."

that would trigger the FDCPA's application because it did not arise from a consumer transaction. Id. at 1371. Rather, the tortfeasor's obligation to pay the insurance company arose out of the torfeasor's own negligence in an automobile accident. Id. Dyck-O'Neal also cites to cases from other circuits where the courts held, inter alia, that property tax, child support, compensation for stolen goods, and tort judgments are not debt for purposes of the FDCPA because the obligations do not arise from a consumer transaction. (Doc. 15 at 8.) All of the claims in the cases that Dyck-O'Neal cites have one common thread—the obligations to pay did not arise out of a business dealing or consensual obligation (i.e. a transaction). This case is distinguishable from Hawthorne and the other cases cited by Dyck-O'Neal because Baggett and the initial holder of the promissory note engaged in a business dealing and consensual obligation when they executed the promissory note. That consensual dealing created an obligation to pay. Therefore, this case involves a transaction.

Dyck-O'Neal attempts to isolate the underlying promissory note transaction from the deficiency action by arguing that the right to a deficiency judgment arises under the foreclosure judgment and the subsequent foreclosure sale; not the promissory note. In support of this assertion, Dyck-O'Neal cites to the following footnote in Chrestensen v. Eurogest, Inc., 906 So.2d 343 (Fla. 4th Dist. App. 2005): "any action based upon the mortgage note in this case was extinguished by the judgment of foreclosure and, consequently, an action for deficiency is not based upon the mortgage note, but instead arises from the final judgment entered and subsequent foreclosure sale." Id. at 346 n.4. While Dyck-O'Neal's argument is creative, it misconstrues the scope of the Chrestensen court's holding. In Chrestensen, the court was tasked with determining whether the statute of limitations period for a deficiency action begins at the date of default or at the final judgment of foreclosure and subsequent foreclosure sale. Id. at 344. In examining the nature of a deficiency judgment, the court noted that "a necessary predicate for a deficiency is an adjudication of foreclosure." Id. (quoting Singleton v. Greymar Assocs., 882 So.2d 1004 (Fla. 2004)). It follows, the court held, that if there is no final judgment

5

of foreclosure and subsequent foreclosure sale, "there can be no action for a deficiency."  Id.
The court in Chrestensen ultimately held that a cause of action for deficiency does not accrue, for limitations purposes, until after the final judgment of foreclosure and subsequent foreclosure sale.  See id.

The relationship among a deficiency action, promissory note, final judgment of foreclosure, and the subsequent foreclosure sale for purposes of the FDCPA and the FCCPA is distinguishable from the holding in Chrestensen.  Florida courts have held that the "portion of an indebtedness which is sought as a 'deficiency' following a creditor's disposition of personal property held as collateral is merely part of a debt evidenced by a promissory note or an installment contract."  Arvelo v. Park Finance of Broward, Inc., 15 So.3d 660, 662 (Fla. 3d Dist. App. 2009) (declined to follow on other grounds by Mercado v. HFC Collection Center, Inc., No. 3:12–cv–122–J–12JBT, 2013 WL 645988 (M.D. Fla. Jan. 28, 2013)).  The court in Arvelo did cite to Chrestensen and distinguished real property and personal property deficiency actions; however, the underlying premise is applicable to both—a deficiency is "part of a debt evidenced by a promissory note."  In other words, the right to a deficiency judgment would not exist but for the existence of a promissory note.

To further support its argument, Dyck-O'Neal cites to other Florida cases wherein courts have held that a promissory note and mortgage both merge into the final judgment of foreclosure and thereby lose their prejudgment identity.  Nack Holdings, LLC v. Kalb, 13 So. 3d 92, 94 (Fla. 3d Dist. App. 2009) (citing Whitehurst v. Camp, 699 So.2d 679, 682 (Fla.1997)); see also Vernon v. Serv. Trucking, Inc., 565 So.2d 905 (Fla. 5th DCA 1990).  Because the promissory note merges with the final judgment of foreclosure, any action to enforce the promissory note subsequent to the final judgment of foreclosure is barred.  Weston Orlando Park, Inc. v. Fairwinds Credit Union, 86 So.3d 1186, 1187 (Fla. 5th DCA 2012).  However, even if a promissory note—for purposes of legal action—"loses its identity" subsequent to a

6

foreclosure sale, it does not change the fact that the obligation to pay emanates from the original "transaction" represented by the note.

The Eleventh Circuit has expressly held that a "promissory note is a 'debt' within the plain language of [the FDCPA]." Reese v. Ellis, Painter, Ratterree & Adams, LLP, 678 F.3d 1211, 1217 (11th Cir. 2012). In Reese, the Eleventh Circuit delineated the difference between a promissory note and a security interest, stating that a "security interest is not a promise to pay a debt; it is an interest in some collateral that a lender can take if a debtor does not fulfill a payment obligation." Id. at 1216 (citing Black's Law Dictionary 1384 (8th ed. 2004)). Conversely, a promissory note "evidence[s] a debt and specif[ies] terms under which one party will pay money to another."[5] Id.; see also Fla. Stat. § 679.1021(1)(mmm) (2011) ("'Promissory note' means an instrument that evidences a promise to pay a monetary obligation . . . ."); see also Bourff v. Rubin Lublin, LLC, 674 F.3d 1238, 1241-42 (11th Cir. 2012) (holding a letter that demanded payment on a promissory note to be "an attempt at debt collection").

Before a plaintiff can institute a deficiency action in Florida, there must be a final judgment of foreclosure and a subsequent foreclosure sale. Chrestensen, 906 So.2d at 345; see also Fla. Stat. § 702.06 ("the amount of the deficiency may not exceed the difference between the judgment amount . . . and the fair market value of the property on the date of sale"). While the amount of a foreclosure judgment is not based exclusively on the total debt owed on the promissory note,[6] the foreclosure judgment seeks payment on the same debt represented by the promissory note.[7] This Court has held that the purpose of the FDCPA is to

---

[5] The Eleventh Circuit further explained that "[a] mortgage is a type of security interest . . . ." Reese, 678 F.3d at 1216. This further illustrates the nature of a promissory note as evidence of a debt.

[6] See generally Fla. Stat. § 702.10 (showing that a final judgment of foreclosure may also include attorney fees, inter alia).

[7] As illustrated in Dyck-O'Neal's Complaint in state court, wherein Dyck-O'Neal asserts that "[b]ased upon the amount due on the promissory note, as of the time of the foreclosure sale and

7

"curtail objectionable acts occurring in the process of collecting funds from a debtor." Trent v. Mortgage Elec. Registration Systems, Inc., 618 F. Supp. 2d 1356, 1360 (M.D. Fla. 2007), aff'd, 288 Fed. Appx. 571 (11th Cir. 2008). Accordingly, the institution of a deficiency action fits squarely into the Trent reasoning—a process to collect funds from a consumer debt.

In a unanimous opinion, the United States Supreme Court noted that "[t]o collect a debt or claim is to obtain payment or liquidation of it, either by personal solicitation or legal proceedings." Heintz v. Jenkins, 514 U.S. 291, 294 (1995) (quoting Black's Law Dictionary 263 (6th ed. 1990)) (emphasis added). The purpose of a deficiency judgment (a "legal proceeding") is to remunerate a lender for the amount of debt that exceeds the value of the security interest. Because a right to a deficiency action would not exist but for the existence of a promissory note, it follows that the equitable remedy of a deficiency action, for purposes of the FDCPA and FCCPA, arises precisely under the same debt obligation created by the promissory note. Therefore, for purposes of the FDCPA and FCCPA, a deficiency action constitutes a debt collection activity. Accordingly, Baggett has alleged sufficient facts to plausibly support a cause of action under the FDCPA and FCCPA.[8]

---

the value of the property, Plaintiff's, DYCK-O'NEAL, INC., deficiency is the sum of $64,783.90 plus interest, costs and attorneys fees." (Doc. 14-1 ¶ 9.) (emphasis added).

[8] No court has expressly ruled whether a deficiency judgment constitutes a collection of a debt for purposes of the FDCPA and FCCPA; however, in unpublished decisions, other district courts have opined that a deficiency judgment would likely constitute a debt collection activity. See Overton v. Foutty & Foutty, LLP, No. 1:07-cv-0274-DFH-TAB, 2007 WL 2413026, at *5 (S.D. Ind. Aug. 21, 2007) (inferring from Rosado v. Taylor, 324 F. Supp. 2d 917 (N.D. Ind. 2004) that though a foreclosure action by itself does not constitute a debt collection, if it were coupled with a deficiency action it would be a debt collection); see also Boyd v. J.E. Robert Co., No. 05–CV–2455, 2013 WL 5436969, at *9 (E.D.N.Y. Sept. 27, 2013) (when referring to a previous order in which the court held that a foreclosure action was not a debt collection activity for purposes of the FDCPA, the court noted that "[c]entral to this court's holding was the undisputed fact that the foreclosure complaints did not request deficiency judgments against [Plaintiffs] . . ."). Furthermore, in an unreported opinion, the Eleventh Circuit explained that an entity is not immune from the FDCPA when enforcing a security interest if a personal judgment is sought in conjunction with the foreclosure. See Birster v. Am. Home Mortg. Servicing, Inc., 481 Fed. Appx. 579 (11th Cir. 2012).

It is hereby

**ORDERED:**

Defendant, Dyck-O'Neal's Motion to Dismiss Plaintiff's Complaint (Doc. 15) is **DENIED**.

No later than **May 6, 2015** Defendant, Dyck-O'Neal shall file an answer to Plaintiff's Complaint.

**DONE and ORDERED** in Jacksonville, Florida this 15th day April, 2015.

TIMOTHY J. CORRIGAN
United States District Judge

t.
Copies to:
Counsel of record